IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Carlos Hiraldo, Individually and as President of ) <br> La Familia Motorcycles, an Illinois not for profit corporation) <br> Kip Whitaker, Lisette Chabolla, Veronica Montanez, ) <br> Juan Gonzalez, Nicholas Castro, Jackie Wallace, ) <br> Miosotis Batista, Soleida Flores, Luis Rodriguez, ) <br> Filiberto Rodriguez, Eric Rodriguez, Sylvia Burgos, ) <br> Delwin Sonera, Lavina Flores, Vanessa Roman, ) <br> Sophia Colon, Alex Sierra, Sergio Sandoval and ) <br> Bennett Gonzalez, ) <br>                    Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY OF CHICAGO, a municipal corporation, ) <br> CHICAGO POLICE DEPARTMENT, ) <br> Unknown members of the 16th District Tactical Team 1661,) <br> Unknown members of Gang Team 1668, ) <br> Unknown members of the 14th District Tactical Team #1461) <br> Unknown members of SWAT Beat 4600, ) <br> Sgt. Darlin #1198, P.O. M. Farrar #9606, ) <br> P.O. J. Bevenuti #6880, Sgt. Hamilton #2329, ) <br> J. Ozga #16487, P.O. J. Gibbelina #4506, and ) <br> various unknown officers, ) <br>                    Defendants. ) | No.: 08 CV 3369 <br><br> JURY DEMAND |

## **AMENDED COMPLAINT**

NOW COME the Plaintiffs, Carlos Hiraldo, Individually and as President of La Familia Motorcycles, an Illinois not for profit corporation, et al., by their attorney, GEORGE E. BECKER and complaining of Defendants, the City of Chicago, a municipal corporation, the Chicago Police Department, Unknown members of the 16th District Tactical Team 1661, Unknown members of Gang Team 1668, Unknown members of the 14th District Tactical Team #1461, Unknown members of SWAT Beat 4600, Sgt. Darlin #1198, P.O. M. Farrar #9606, P.O. J. Bevenuti #6880, Sgt. Hamilton #2329, J. Ozga #16487, P.O. J. Gibbelina #4506 and various unknown officers allege as follows:

**Introduction**

1.      "La Familia Motorcycles" is an Illinois, not for profit corporation, which operates a social club at 2514 West Fullerton Avenue, Chicago, Illinois.  Its registered agent is Carlos Hiraldo.

On May 30 and 31, 2008 the aforementioned social club hosted a birthday party for Plaintiff, Soleida Flores.  By approximately 11:30 p.m. on May 30, 2008 all other named Plaintiffs, together with other individuals were at the social club located at in Chicago, Cook County, Illinois.

Sometime after 11:30 p.m. on May 30, 2008 and continuing thereafter on May 31, 2008 until approximately 3:00 a.m. unknown officers and agents of the Chicago Police Department, without showing a search warrant or arrest warrant of any kind used force to break down the front door of the social club, stormed the premises with M16 guns displayed, threw flash grenades, ziptied and searched all patrons, unlawfully detained, intimidated and deprived all Plaintiffs of personal liberty, battered certain Plaintiffs by forcing them to the floor at gunpoint, stepping on or kicking them, physically searched Plaintiffs, searched and exposed female Plaintiffs breasts and private areas in front of male Plaintiffs and male officers, searched purses, broke open a safe, stole money, broke into coin operated amusement devices and stole money all while acting under color of law as Chicago Police Officers depriving the Plaintiffs of rights secured by and under the Constitution of the United States, including rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**Jurisdiction**

2. This is an action brought pursuant to Title 28 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343(a) and the aforestated constitutional and statutory provisions. The Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Section 1367 to decide and hear claims under state law.

**VENUE**

3. Venue is proper in this District pursuant to 28 U.S. Section 1391(b) in that all claims arose in this District.

**THE PARTIES**

4. The Plaintiffs are all residents of Cook County, Illinois and were at the "La Familia Motorcycle Social Club" on May 30 and 31, 2008. The names and addresses of Plaintiffs are as follows:

> a) Carlos Hiraldo, 5440 S. Laramie, Chicago, Illinois;
> b) Kip Whitaker, 3912 Lowe Street, Park City, Illinois;
> c) Lisette Chabolla, 1118 S. Western, Chicago, Illinois;
> d) Veronica Montanez, 2935 N. Kolmar, Chicago, Illinois;
> e) Juan Gonzalez, 4433 N. Sawyer Ave., Chicago, Illinois;
> f) Nicholas Castro, 3609 W. Palmer, Chicago, Illinois;
> g) Jackie Wallace, 2738 W. 86th Place, Chicago, Illinois;
> h) Miosotis Batista, 2613 W. Armitage, Chicago, Illinois;
> i) Soleida Flores, 1918 N. Sawyer, Chicago, Illinois;
> j) Luis Rodriguez, 2620 N. Mozart, Chicago, Illinois;
> k) Filiberto Rodriguez, 1747 N. Sawyer, Chicago, Illinois;
> l) Eric Rodriguez, 1747 N. Sawyer, Chicago, Illinois;
> m) Sylvia Burgos, 2616 N. Drake, Chicago, Illinois;
> n) Delwin Sonera, 3134 N. Nordica, Chicago, Illinois;
> o) Lavina Flores, 2456 N. Albany, Chicago, Illinois;
> p) Vanessa Roman, 1438 N. Artesian, Chicago, Illinois;
> q) Sophia Colon, 831 N. Mozart, Chicago, Illinois;
> r) Alex Sierra, 608 S. East Avenue, Oak Park, Illinois;
> s) Sergio Sandoval, 2328 N. Maplewood, Chicago, Illinois; and
> t) Bennett Gonzalez, 1759 N. Sawyer, Chicago, Illinois.

5. The City of Chicago is a municipal corporation which is incorporated under the laws of the State of Illinois and which employs Chicago Police Officers.

6. There were various unknown officer totaling approximately 20 individuals who were dressed in full riot gear and masks. On information and belief these individuals were unknown members of SWAT Beat 4600 (unknown officers).

7. On information and belief, also participating in the claimed unlawful search, seizure and detention were unknown members of the 16th District Tactical Team 1661, Gangs 1668 and the 14th District Tactical Team 1461 (unknown officers).

8. On information and belief, also participating in the claimed unlawful search, seizure and detention are:

>  a) Sgt. Darlin #1198;
>  b) P.O. M. Farrar #9606;
>  c) P.O. J. Bevenuti #6880;
>  d) Sgt. Hamilton #2329;
>  e) J. Ozga #116487; and
>  f) J. Gibbelina #4506 (known officers).

9. All of the aforementioned individuals and unknown officers were employed by the Chicago Police Department on May 30 and 31, 2008.

10. The City of Chicago is sued directly in Count VI for the failure to supervise, train, control and discipline officers, including how to serve cease and desist orders and are also named pursuant to the doctrine of Respondent Superior in related State law claims.

11. That unknown members of the Chicago Police Department were employed by the City of Chicago on May 30 and 31, 2008. At all times relevant hereto, those officers who were at 2514 W. Fullerton, Chicago, Illinois on the aforementioned dates and times were acting under the color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, the

City of Chicago, the Chicago Police Department and within the scope of their employment with the City of Chicago.

### Facts Supporting the Cause of Action

12. Prior to and on May 30 and 31, 2008, La Familia Motorcycles was an Illinois not for profit corporation, in good standing, which operated a social club at 2514 W. Fullerton, Chicago, Cook County, Illinois.

13. On May 30, 2008 La Familia Motorcycle was holding a private birthday party for Plaintiff, Soleida Flores, who had just turned 22 years of age.

14. At approximately 11:30 p.m. on May 30, 2008, all of the individual Plaintiffs together with approximately another 15 individuals were inside the social club at 2514 W. Fullerton, Chicago, Cook County, Illinois.

15. Sometime between 11:30 p.m. on May 30, 2008 and approximately 12:30 a.m. on May 31, 2008 various unknown officers of the Chicago Police Department arrived at 2514 W. Fullerton, Chicago, Illinois. On information and belief, the unknown officers were members of SWAT Beat 4600.

16. The Chicago Police Officers believed to be SWAT Beat 4600, in combat gear, which included Ninja type masks, were armed with M16 and other guns. They used force believed to be battering rams and or explosives to gain entry to the front door at 2514 W. Fullerton, Chicago, Illinois.

17. Upon forced entry into the social club at 2514 W. Fullerton, Chicago, Illinois the various unknown officers threw multiple flash grenades which exploded causing smoke to pour throughout the premises.

18. That various unknown officers had barricaded a rear fire door to the social club by blocking it with a police vehicle.

19. The Plaintiffs attending the party fled in panic to the rear door due to the smoke and seeing ninjas armed with and brandishing M16 guns. They could not escape the rear of the building because of the aforementioned barricaded door.

20. All of the Plaintiffs were subsequently forced to the floor at gunpoint, where they were systematically placed into zipties with their arms tied behind their backs. Multiple Plaintiffs had their hands, arms, legs and backs stepped on by various unknown officers while they laid on the floor.

21. The male Plaintiffs had their pockets searched and identification taken by the officers. Each individual male Plaintiff had his personal identifiers run by the police officers until being released between 1 and 3 hours after the initial entry by the unknown officers believed to be SWAT Beat 4600. Participating in the unlawful detention of the Plaintiffs were Sgt. Darlin #1198, M. Farrar #906, P.O. J. Bevenuti #6880, J. Ozga #16487 and J. Gibbelina #4506, together with unknown members of the 16th District Tactical Team 1661, Gangs 1668 and the 14th District Tactical Team 1461.

22. The female Plaintiffs had their purses searched and thereafter were physically searched by a female officer. The searches of female Plaintiffs' private areas were conducted by an unknown female officer using the same pair of gloves on between 10 to 15 different women. The search occurred in front of the male Plaintiffs and several unknown male police officers. During the searches, each of the female Plaintiffs had their breasts exposed to the male Plaintiffs and male officers. Several of the female Plaintiffs had their pants opened and/or skirts lifted in front of the male officers and male Plaintiffs. Each of the female Plaintiffs was released after

6

being ziptied for between 1 and 3 hours. Participating in the unlawful detention of the Plaintiffs were Sgt. Darlin #1198, M. Farrar #906, P.O. J. Bevenuti #6880, J. Ozga #16487 and J. Gibbelina #4506, together with unknown members of the 16th District Tactical Team 1661, Gangs 1668 and the 14th District Tactical Team 1461.

23. Prior to using the force to enter the social club there was no request made police to peacefully enter the premises.

24. During and after the entry to the social club the police never presented a search warrant or an arrest warrant for any individual.

25. At the conclusion of the intrusive entry and detention, Plaintiff, Carlos Hiraldo, was presented with a cease and desist order purportedly issued on Saturday morning May 31, 2008, by the acting head of the Department of Business Affairs and Licensing.

26. During the period of time the known and unknown officers were at the premises they broke down doors, broke into a safe, broke into coin operated amusement devices and stole money from the safe, coin amusement devices and several female Plaintiffs' purses.

27. During the period that the known and unknown officers were at the social club they noticed cameras recording their activities. In order to hide their activities they pointed the cameras at the ceiling.

28. On information and belief the known and unknown police officers recovered no weapons or illegal narcotics from any individual at the social club.

29. The known and unknown officers acted willfully, wantonly, maliciously, oppressively and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

7

30. As a direct and proximate result of the acts of the Defendant known and unknown officers described above the Plaintiffs suffered and continue to suffer damages including loss of physical liberty, emotional distress, physical pain & suffering, mental anguish, and humiliation.

## COUNT I
### (42 U.S.C. Section 1983 - Unreasonable Seizure)

1-30. The Plaintiffs reallege paragraphs 1-30 as and for paragraphs 1-30 of this Count I.

31. The known and unknown officers were not aware of specific and articulable facts which suggested the Plaintiffs were about to commit a crime or had committed a crime.

32. The known and unknown officers did not have a lawful basis to stop, detain or seize any individual Plaintiff.

33. The actions of the known and unknown officers in seizing the individual Plaintiffs without any legal justification or probable cause violated their Fourth Amendment Rights as guaranteed by the Fourteenth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

Wherefore the Plaintiffs request this Court to:

    a) Enter judgment against the unknown officers;

    b) Award compensatory and punitive damages as determined at trial;

    c) Award attorneys' fees and costs;

    d) For other such relief as is fair, just and equitable.

## COUNT II
### (42 U.S.C Section 1983 – Excessive Force)

34. Plaintiffs reallege paragraphs 1-30 as is fully set forth herein.

35. The actions of the known and unknown officers violated the Plaintiffs' Fourth Amendment Rights as guaranteed by the Fourteenth Amendment, to be free from the use of excess and unreasonable force.

Wherefore the Plaintiffs request this Court to:

a) Enter judgment against the unknown officers;

b) Award compensatory and punitive damages as determined at trial;

c) Award attorneys' fees and costs;

d) For other such relief as is fair, just and equitable.

## COUNT III
### (42. U.S.C. Section 1983 – Illegal Search of Person)

36. The Plaintiffs reallege paragraphs 1-30 as if fully set forth herein.

37. The actions of Defendant-Officers in searching Plaintiffs' persons without any legal justification or probable cause violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

Wherefore the Plaintiffs request this Court to:

a) Enter judgment against the unknown officers;

b) Award compensatory and punitive damages as determined at trial;

c) Award attorneys' fees and costs;

d) For other such relief as is fair, just and equitable.

## COUNT IV
### (42. U.S.C. Section 1983 – Illegal Search of Social Club)

38. The Plaintiffs reallege paragraphs 1-30 as if fully set forth herein.

39. The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search the La Familia Motorcycles Social Club or the building at 2514 W. Fullerton, Chicago, Illinois.

Wherefore the Plaintiffs request this Court to:

    a) Enter judgment against the unknown officers;

    b) Award compensatory and punitive damages as determined at trial;

    c) Award attorneys' fees and costs;

    d) For other such relief as is fair, just and equitable.

## COUNT V
### (42. U.S.C. Section 1983 – Substantive Due Process, Arbitrary Abuse of Power)

40. The Plaintiffs reallege paragraphs 1-30 as if fully set forth herein.

41. The conduct described above was an egregious arbitrary abuse of government power that shocks the conscience.

Wherefore the Plaintiffs request this Court to:

    a) Enter judgment against the unknown officers;

    b) Award compensatory and punitive damages as determined at trial;

    c) Award attorneys' fees and costs;

    d) For other such relief as is fair, just and equitable.

## COUNT VI
### (42. U.S.C. Section 1983 – Monell Claim against the City of Chicago)

42. Plaintiffs reallege all of the above paragraphs and counts, as if fully set forth herein.

43. At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

a. stopping, detaining, arresting, and searching civilians without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

b. searching civilians' homes without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

c. arbitrary use of excessive force against arrestees, detainees and other civilians;

d. denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons;

e. mental abuse, oral abuse and assault of arrestees, detainees, and other civilians;

f. preparing false and incomplete police reports to cover up police misconduct including unconstitutional searches and seizures;

g. not preparing police reports, and false denial that an incident of misconduct even took place, in attempt to suppress and conceal police misconduct including unconstitutional searches and seizures;

h. filing false charges and pursuing baseless prosecution in order to protect police officers from claims of improper conduct and avoid liability;

i. a code of silence in which police officers failed to report police misconduct including the type of misconduct alleged by Plaintiffs in this Complaint, and described in sub-paragraphs a-h above;

j. said code of silence also includes police officers either remaining silent or giving false and misleading information during official investigations to cover up misconduct, and protect themselves and other officers;

k. failure to adequately train, supervise and discipline police officers in the categories and filed of police work addressed in sub-paragraphs a-h above;

l. failure to adequately train and supervise police officers to rectify the malfeasance described in sub-paragraphs a-h above;

m. failure to adequately investigate citizen complaints against police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a-i above;

n. failure to adequately discipline citizen complaints against police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a-i above;

    o.    through the Office of Professional Standards (OPS), conducting inherently deficient investigation of citizen complaints of police misconduct in which an officer is disciplined in a minuscule percentage of cases, thereby encouraging even more police misconduct;

    p.    failure to deter police officers from the type of misconduct alleged in this Complaint, and described in sub-paragraphs a-i above, by its lack of discipline for police misconduct, and defective OPS investigations.

44. The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above de facto practices, policies and customs of the City of Chicago, the Chicago Police Department, and its police officers.

45. One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the City of Chicago has delegated de jure final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Jody Weis (to whom the City of Chicago has delegated du facto final policy-making authority for the Chicago Police Department regarding the matters complained of herein).

46. The practices, policies and customs described above were widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the City of Chicago.

47. The municipal policy-makers of the City of Chicago acted with deliberate indifference to the rights of Plaintiffs in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

48. By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the City of Chicago;

b) Award Plaintiff compensatory damages, as determined at trial;

c) Award Plaintiffs attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law Respondeat Superior Claim)

49. The acts of the Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in this scope of employment.

50. Pursuant to respondeat superior, Defendant City of Chicago, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiffs demand judgment against the City of Chicago, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

51. Plaintiffs reallege all of the above paragraphs and counts as if fully set forth herein.

52. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

53. Pursuant to Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS.

    Respectfully submitted,

    s/George E. Becker
    GEORGE E. BECKER
    GEORGE E. BECKER, P.C.
    33 N. LaSalle Street – Suite 3300
    Chicago, Illinois 60602
    (312) 236-2803
    A.R.D.C. No. 6180685