**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Carlos Hiraldo, Individually and as President of | ) |
| La Familia Motorcycles, an Illinois not for profit corporation, | ) |
| Kip Whitaker, Lisette Chabolla, Veronica Montanez, | ) |
| Juan Gonzalez, Nicholas Castro, Jackie Wallace, | ) |
| Miosotis Batista, Soleida Flores, Luis Rodriguez, | ) |
| Filiberto Rodriguez, Eric Rodriguez, Sylvia Burgos, | ) |
| Delwin Sonera, Lavina Flores, Vanessa Roman, | ) |
| Sophia Colon, Alex Sierra, Sergio Sandoval and | ) |
| Bennett Gonzalez, | ) |
| Plaintiffs, | ) No. 08 CV 3369 |
| | ) |
| vs. | ) |
| | ) JUDGE DOW |
| CITY OF CHICAGO, a municipal corporation, | ) |
| CHICAGO POLICE DEPARTMENT, | ) MAGISTRATE JUDGE BROWN |
| Unknown members of the 16th District Tactical Team 1661, | ) |
| Unknown members of Gang Team 1668, | ) |
| Unknown members of the 14th District Tactical Team #1461 | ) |
| Unknown members of SWAT Beat 4600, | ) |
| Sgt. Darlin #1198, P.O. M. Farrar #9606, | ) |
| P.O. J. Bevenuti #6880, Sgt. Hamilton #2329, | ) |
| J. Ozga #16487, P.O. J. Gibbelina #4506, and | ) |
| various unknown officers, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT, CITY OF CHICAGOS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Defendant, **CITY OF CHICAGO,** by and through its attorneys, **SANCHEZ DANIELS & HOFFMAN LLP,** and for its Answer to Plaintiffs' Complaint, states as follows:

**Introduction**

1.      "La Familia Motorcycles" is an Illinois, not for profit corporation, which operates a social club at 2514 West Fullerton Avenue, Chicago, Illinois.  Its registered agent is Carlos Hiraldo.

On May 30 and 31, 2008 the aforementioned social club hosted a birthday party for Plaintiff, Soleida Flores.  By approximately 11:30 p.m. on May 30, 2008 all other named Plaintiffs, together

with other individuals were at the social club located at in Chicago, Cook County, Illinois.

Sometime after 11:30 p.m. on May 30, 2008 and continuing thereafter on May 31, 2008 until approximately 3:00 a.m. unknown officers and agents of the Chicago Police Department, without showing a search warrant or arrest warrant of any kind used force to break down the front door of the social club, stormed the premises with M16 guns displayed, threw flash grenades, ziptied and searched all patrons, unlawfully detained, intimidated and deprived all Plaintiffs of personal liberty, battered certain Plaintiffs by forcing them to the floor at gunpoint, stepping on or kicking them, physically searched Plaintiffs, searched and exposed female Plaintiffs breasts and private areas in front of male Plaintiffs and male officers, searched purses, broke open a safe, stole money, broke into coin operated amusement devices and stole money all while acting under color of law as Chicago Police Officers depriving the Plaintiffs of rights secured by and under the Constitution of the United States, including rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER**: Defendant admits that at the time and date referred to, persons who identified themselves as Carlos Hiraldo, Kip Whitaker, Lisette Chabolla, Veronica Montanez, Juan Gonzalez, Nicholas Castro, Soleida Flores, Filiberto Rodriguez, Eric Rodriguez, Delwin Sonera, Lavina Flores, Vanessa Roman, Sophia Colon, Alex Sierra, Sergio Sandoval, and Bennett Gonzalez were at 2514 W. Fullerton, Chicago, Illinois on May 30, 2008 and May 31, 2008. Defendant admit that force was used to break down the front door of the premises and that SWAT carried M16 guns, threw flash grenades, and ziptied Plaintiffs that were on the premises. Defendant admits that officers were acting under color of law. Defendant denies the remaining allegations contained in Paragraph 1.

**Jurisdiction**

2.      This is an action brought pursuant to Title 28 U.S.C. §1983 and the Fourth and

Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C.

Sections 1331 and 1343(a) and the aforestated constitutional and statutory provisions.  The Plaintiff

also invokes the supplemental jurisdiction of this Court pursuant to Section 1367 to decide and hear

claims under state law.

**ANSWER:**      Defendant admits the allegations contained in Paragraph 2.


**VENUE**

3.      Venue is proper in this District pursuant to 28 U.S. Section 1391(b) in that all claims

arose in this District.

**ANSWER:**      Defendant denies that any meritorious claims arose in the Northern District of

Illinois. Defendant admits the remaining allegations contained in Paragraph 3.


**THE PARTIES**

4.      The Plaintiffs are all residents of Cook County, Illinois and were at the "La Familia

Motorcycle Social Club" on May 30 and 31, 2008. The names and addresses of Plaintiffs are as

follows:

      a)      Carlos Hiraldo, 5440 S. Laramie, Chicago, Illinois;
      b)      Kip Whitaker, 3912 Lowe Street, Park City, Illinois;
      c)      Lisette Chabolla, 1118 S. Western, Chicago, Illinois;
      d)      Veronica Montanez, 2935 N. Kolmar, Chicago, Illinois;
      e)      Juan Gonzalez, 4433 N. Sawyer Ave., Chicago, Illinois;
      f)      Nicholas Castro, 3609 W. Palmer, Chicago, Illinois;
      g)      Jackie Wallace, 2738 W. 86thPlace, Chicago, Illinois;
      h)      Miosotis Batista, 2613 W. Armitage, Chicago, Illinois;
      i)      Soleida Flores, 1918 N. Sawyer, Chicago, Illinois;
      j)      Luis Rodriguez, 2620 N. Mozart, Chicago, Illinois;
      k)      Filiberto Rodriguez, 1747 N. Sawyer, Chicago, Illinois;

l)     Eric Rodriguez, 1747 N. Sawyer, Chicago, Illinois;
m)    Sylvia Burgos, 2616 N. Drake, Chicago, Illinois;
n)     Delwin Sonera, 3134 N. Nordica, Chicago, Illinois;
o)     Lavina Flores, 2456 N. Albany, Chicago, Illinois;
p)     Vanessa Roman, 1438 N. Artesian, Chicago, Illinois;
q)     Sophia Colon, 831 N. Mozart, Chicago, Illinois;
r)     Alex Sierra, 608 S. East Avenue, Oak Park, Illinois;
s)     Sergio Sandoval, 2328 N. Maplewood, Chicago, Illinois; and
t)     Bennett Gonzalez, 1759 N. Sawyer, Chicago, Illinois.

**ANSWER:**     Defendant admits that individuals identifying themselves by Carlos Hiraldo, Kip

Whitaker, Lisette Chabolla, Veronica Montanez, Juan Gonzalez, Nicholas Castro, Soleida

Flores, Filiberto Rodriguez, Eric Rodriguez, Delwin Sonera, Lavina Flores, Vanessa Roman,

Sophia Colon, Alex Sierra, Sergio Sandoval, and Bennett Gonzalez were present at 2514 W.

Fullerton, Chicago, Illinois on May 30, 2008 and May 31, 2008. Defendant denies the remaining

allegations contained in Paragraph 4, as Defendant has no records of these individuals being at

the premises on May 30, and May 31, 2008.

5.     The City of Chicago is a municipal corporation which is incorporated under the laws

of the State of Illinois and which employs Chicago Police Officers.

**ANSWER:**     Defendant admits the allegations contained in Paragraph 5.

6.     There were various unknown officer totaling approximately 20 individuals who were

dressed in full riot gear and masks. On information and belief these individuals were

unknown members of SWAT Beat 4600 (unknown officers).

**ANSWER:**     Defendant admits that there were approximately 20 SWAT Beat 4600 officers in

riot gear. Defendant denies that SWAT officers wore masks.

7.     On information and belief, also participating in the claimed unlawful search, seizure

and detention were unknown members of the 16th District Tactical Team 1661, Gangs 1668 and the

14th District Tactical Team 1461 (unknown officers).

**ANSWER:**    Defendant admits that the 16th District Tactical Team #1661, the 16th District

Gang Unit #1668 and the 14th District Tactical Team #1461 participated in the search, seizure

and detention. Defendant denies that the search, seizure and detention were unlawful.

       8.      On information and belief, also participating in the claimed unlawful search, seizure

and detention are:

          a)     Sgt. Darlin #1198;
          b)     P.O. M. Farrar #9606;
          c)     P.O. J. Bevenuti #6880;
          d)     Sgt. Hamilton #2329;
          e)     J. Ozga #116487; and
          f)     J. Gibbelina #4506 (known officers).

**ANSWER:**    Defendant admits that Sgt. Darlin, P.O. M. Farrar, P.O. J. Bevenuti, Sgt.

Hamilton, J. Ozga, and J. Gibbelina participated in the search, seizure and/or detention, however

Defendant denies that such search, seizure and/or detention were unlawful.

       9.      All of the aforementioned individuals and unknown officers were employed by the

Chicago Police Department on May 30 and 31, 2008.

**ANSWER:**    Defendant admits that the identified individuals were employed by the Chicago

Police Department. Defendant lacks sufficient knowledge with respect to the remaining

allegations contained in Paragraph 9, and therefore, neither admits, nor denies the allegations

therein.

       10.     The City of Chicago is sued directly in Count VI for the failure to supervise, train,

control and discipline officers, including how to serve cease and desist orders and are also named

pursuant to the doctrine of Respondent Superior in related State law claims.

**ANSWER:**    Defendant admits that Plaintiff has sued the City of Chicago for failure to

supervise, train, control and discipline officers and pursuant to the doctrine of Respondeat

Superior. Defendant denies the merits of the Plaintiffs' allegations.

11.     That unknown members of the Chicago Police Department were employed by the City of Chicago on May 30 and 31, 2008. At all times relevant hereto, those officers who were at 2514 W. Fullerton, Chicago, Illinois on the aforementioned dates and times were acting under the color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, the City of Chicago, the Chicago Police Department and within the scope of their employment with the City of Chicago.

**ANSWER:**     Defendant lacks sufficient knowledge as to the allegations contained in Paragraph 11, and therefore neither admits nor denies the allegations therein.

### Facts Supporting the Cause of Action

12.     Prior to and on May 30 and 31, 2008, La Familia Motorcycles was an Illinois not for profit corporation, in good standing, which operated a social club at 2514 W. Fullerton, Chicago, Cook County, Illinois.

**ANSWER:**     Defendant admits that La Familiar Motorcycles was an Illinois not for profit corporation. Defendant lacks sufficient knowledge with respect to the remaining allegations contained in Paragraph 12 and therefore, neither admits nor denies the allegations therein.

13.     On May 30, 2008 La Familia Motorcycle was holding a private birthday party for Plaintiff, Soleida Flores, who had just turned 22 years of age.

**ANSWER:**     Defendant lacks sufficient knowledge as to the allegations contained in Paragraph 13, and therefore, neither admits nor denies the allegations therein.

14.     At approximately 11:30 p.m. on May 30, 2008, all of the individual Plaintiffs together with approximately another 15 individuals were inside the social club at 2514 W. Fullerton, Chicago, Cook County, Illinois.

**ANSWER:**     Defendant admits that some individuals representing themselves to be named

Plaintiffs were inside the premises at 2514 W. Fullerton, Chicago, Illinois, but denies that all alleged Plaintiffs were on site. Defendant lacks sufficient knowledge as to the remaining allegations contained in Paragraph 14, and therefore, neither admits nor denies the allegations therein.

15.     Sometime between 11:30 p.m. on May 30, 2008 and approximately 12:30 a.m. on May 31, 2008 various unknown officers of the Chicago Police Department arrived at 2514 W. Fullerton, Chicago, Illinois.  On information and belief, the unknown officers were members of SWAT Beat 4600.

**ANSWER:**     Defendant admits that various officers of Chicago Police Department arrived at 2514 W. Fullerton, Chicago, Illinois. Defendant lacks sufficient knowledge as to whether the unknown officers referred to in this Paragraph were members of SWAT Beat 4600, and therefore neither admits nor denies this allegation.

16.     The Chicago Police Officers believed to be SWAT Beat 4600, in combat gear, which included Ninja type masks, were armed with M16 and other guns. They used force believed to be battering rams and or explosives to gain entry to the front door at 2514 W. Fullerton, Chicago, Illinois.

**ANSWER:**     Defendant admits that SWAT Beat 4600 officers were wearing riot or combat gear and were armed with M16 and other guns. Defendant denies that SWAT Beat 4600 officers were wearing ninja masks and that they used explosives to gain entry to the front door. Defendant lacks sufficient information with respect to the remaining allegations contained in Paragraph 16, and therefore neither admits nor denies the remaining allegations therein.

17.     Upon forced entry into the social club at 2514 W. Fullerton, Chicago, Illinois the various unknown officers threw multiple flash grenades which exploded causing smoke to pour throughout the premises.

**ANSWER:**     Defendant admits the allegations contained in Paragraph 17.

18.     That various unknown officers had barricaded a rear fire door to the social club by blocking it with a police vehicle.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 18.

19.     The Plaintiffs attending the party fled in panic to the rear door due to the smoke and seeing ninjas armed with and brandishing M16 guns. They could not escape the rear of the building because of the aforementioned barricaded door.

**ANSWER:**     Defendant admits that party-goers moved to the rear door when SWAT entered the premises. Defendant admits that SWAT officers displayed M16 guns, as their flashlights were located on top of their guns, and were being used as it was very dark inside the premises. Defendant denies that SWAT officers were "ninjas." Defendant denies the remaining allegations contained in Paragraph 19.

20.     All of the Plaintiffs were subsequently forced to the floor at gunpoint, where they were systematically placed into zipties with their arms tied behind their backs. Multiple Plaintiffs had their hands, arms, legs and backs stepped on by various unknown officers while they laid on the floor.

**ANSWER:**     Defendant admits that Plaintiff's were forced to the floor and were ziptied. Defendant denies the remaining allegations contained in Paragraph 20.

21.     The male Plaintiffs had their pockets searched and identification taken by the officers. Each individual male Plaintiff had his personal identifiers run by the police officers until being released between 1 and 3 hours after the initial entry by the unknown officers believed to be SWAT Beat 4600. Participating in the unlawful detention of the Plaintiffs were Sgt. Darlin #1198, M. Farrar #906, P.O. J. Bevenuti #6880, J. Ozga #16487 and J. Gibbelina #4506, together with

unknown members of the 16th District Tactical Team 1661, Gangs 1668 and the 14th District Tactical

Team 1461.

**ANSWER:**    Defendant admits that identification was taken by various officers. Defendant

admits that "pat-down" searches were conducted, however Defendant denies that pockets were

searched. Defendant admits that officers ran personal identifiers and released the individuals

around 1am. Defendant denies that any unlawful detention of the Plaintiffs occurred.

22.    The female Plaintiffs had their purses searched and thereafter were physically

searched by a female officer.  The searches of female Plaintiffs' private areas were conducted by an

unknown female officer using the same pair of gloves on between 10 to 15 different women. The

search occurred in front of the male Plaintiffs and several unknown male police officers.  During the

searches, each of the female Plaintiffs had their breasts exposed to the male Plaintiffs and male

officers.  Several of the female Plaintiffs had their pants opened and/or skirts lifted in front of the

male officers and male Plaintiffs.  Each of the female Plaintiffs was released after being ziptied for

between 1 and 3 hours.  Participating in the unlawful detention of the Plaintiffs were Sgt. Darlin

#1198, M. Farrar #906, P.O. J. Bevenuti #6880, J. Ozga #16487 and J. Gibbelina #4506, together

with unknown members of the 16th District Tactical Team 1661, Gangs 1668 and the 14th District

Tactical Team 1461.

**ANSWER:**    Defendant admits that various females were ziptied and released around 1am.

Defendant denies the remaining allegations contained in Paragraph 22.

23.    Prior to using the force to enter the social club there was no request made police

to peacefully enter the premises.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 23.

24.    During and after the entry to the social club the police never presented a search

warrant or an arrest warrant for any individual.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 24.

25.     At the conclusion of the intrusive entry and detention, Plaintiff, Carlos Hiraldo, was presented with a cease and desist order purportedly issued on Saturday morning May 31, 2008, by the acting head of the Department of Business Affairs and Licensing.

**ANSWER:**     Defendant denies that the entry and detention was intrusive, but admit the remaining allegations contained in Paragraph 25.

26.     During the period of time the known and unknown officers were at the premises they broke down doors, broke into a safe, broke into coin operated amusement devices and stole money from the safe, coin amusement devices and several female Plaintiffs' purses.

**ANSWER:**     Defendant admits they broke down the front doors to gain entry, however Defendant denies the remaining allegations contained in Paragraph 26.

27.     During the period that the known and unknown officers were at the social club they noticed cameras recording their activities.  In order to hide their activities they pointed the cameras at the ceiling.

**ANSWER:**     Defendant admits that officers knew of and noticed cameras. Defendant denies that officers pointed cameras to the ceiling for the purpose of hiding their activities.

28.     On information and belief the known and unknown police officers recovered no weapons or illegal narcotics from any individual at the social club.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 28.

29.     The known and unknown officers acted willfully, wantonly, maliciously, oppressively and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 29.

-10-

30.     As a direct and proximate result of the acts of the Defendant known and unknown officers described above the Plaintiffs suffered and continue to suffer damages including loss of physical liberty, emotional distress, physical pain & suffering, mental anguish, and humiliation.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 30.

## COUNT I
### (42 U.S.C. Section 1983 - Unreasonable Seizure)

1-30.     The Plaintiffs reallege paragraphs 1-30 as and for paragraphs 1-30 of this Count 1.

**ANSWER:**     Defendant adopts and realleges its answers to paragraphs 1-30 as its answer to paragraphs 1-30, as though fully set forth herein.

31.     The known and unknown officers were not aware of specific and articulable facts which suggested the Plaintiffs were about to commit a crime or had committed a crime.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 31.

32.     The known and unknown officers did not have a lawful basis to stop, detain or seize any individual Plaintiff.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 32.

33.     The actions of the known and unknown officers in seizing the individual Plaintiffs without any legal justification or probable cause violated their Fourth Amendment Rights as guaranteed by the Fourteenth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 33.

WHEREFORE, Defendant respectfully requests that Count I of Plaintiffs' First Amended Complaint be dismissed.

## COUNT II
### (42 U.S.C Section 1983 - Excessive Force)

34.     Plaintiffs reallege paragraphs 1-30 as is fully set forth herein.

**ANSWER:**     Defendant adopts and realleges its answers to paragraphs 1-30 as its answer to paragraphs 1-30, as though fully set forth herein.

35.     The actions of the known and unknown officers violated the Plaintiffs' Fourth Amendment Rights as guaranteed by the Fourteenth Amendment, to be free from the use of excess and unreasonable force.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 35.

WHERFORE, Defendant respectfully requests that Count II of Plaintiffs' First Amended Complaint be dismissed.

## COUNT III
### (42. U.S.C. Section 1983 - Illegal Search of Person)

36.     The Plaintiffs reallege paragraphs 1-30 as if fully set forth herein.

**ANSWER:**     Defendant adopts and realleges its answers to paragraphs 1-30 as its answer to paragraphs 1-30, as though fully set forth herein.

37.     The actions of Defendant-Officers in searching Plaintiffs' persons without any legal justification or probable cause violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 37.

WHEREFORE, Defendant respectfully requests that Count III of Plaintiffs' First Amended Complaint be dismissed.

## COUNT IV
### (42. U.S.C. Section 1983 - Illegal Search of Social Club)

38.     The Plaintiffs reallege paragraphs 1-30 as if fully set forth herein.

-12-

**ANSWER:** Defendant adopts and realleges its answers to paragraphs 1-30 as its answer to paragraphs 1-30, as though fully set forth herein.

39. The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search the La Familia Motorcycles Social Club or the building at 2514 W. Fullerton, Chicago, Illinois.

**ANSWER:** Defendant denies the allegations contained in Paragraph 39.

WHEREFORE, Defendant respectfully requests that Count IV of Plaintiffs' First Amended Complaint be dismissed.

## COUNT V
### (42. U.S.C. Section 1983 - Substantive Due Process, Arbitrary Abuse of Power)

40. The Plaintiffs reallege paragraphs 1-30 as if fully set forth herein.

**ANSWER:** Defendant adopts and realleges its answers to paragraphs 1-30 as its answer to paragraphs 1-30, as though fully set forth herein.

41. The conduct described above was an egregious arbitrary abuse of government power that shocks the conscience.

**ANSWER:** Defendant denies the allegations contained in Paragraph 41.

WHEREFORE, Defendant respectfully requests that Count V of Plaintiffs' First Amended Complaint be dismissed.

## COUNT VI
### (42. U.S.C. Section 1983 - Monell Claim against the City of Chicago)

42. Plaintiffs reallege all of the above paragraphs and counts, as if fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference its answers to all prior paragraphs as set forth herein.

43. At all times material to this Complaint, there existed in the City of Chicago the

following practices, policies and customs:

a.    stopping, detaining, arresting, and searching civilians without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

b.    searching civilians' homes without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

c.    arbitrary use of excessive force against arrestees, detainees and other civilians;

d.    denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons;

e.    mental abuse, oral abuse and assault of arrestees, detainees, and other civilians;

f.    preparing false and incomplete police reports to cover up police misconduct including unconstitutional searches and seizures;

g.    not preparing police reports, and false denial that an incident of misconduct even took place, in attempt to suppress and conceal police misconduct including unconstitutional searches and seizures;

h.    filing false charges and pursuing baseless prosecution in order to protect police officers from claims of improper conduct and avoid liability;

i.    a code of silence in which police officers failed to report police misconduct including the type of misconduct alleged by Plaintiffs in this Complaint, and described in sub-paragraphs a-h above;

j.    said code of silence also includes police officers either remaining silent or giving false and misleading information during official investigations to cover up misconduct, and protect themselves and other officers;

k.    failure to adequately train, supervise and discipline police officers in the categories and filed of police work addressed in sub-paragraphs a-h above;

1.    failure to adequately train and supervise police officers to rectify the malfeasance described in sub-paragraphs a-h above;

m.    failure to adequately investigate citizen complaints against police

officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a-i above;

n. failure to adequately discipline citizen complaints against police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a-i above;

o. through the Office of Professional Standards (OPS), conducting inherently deficient investigation of citizen complaints of police misconduct in which an officer is disciplined in a minuscule percentage of cases, thereby encouraging even more police misconduct;

p. failure to deter police officers from the type of misconduct alleged in this Complaint, and described in sub-paragraphs a-i above, by its lack of discipline for police misconduct, and defective OPS investigations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 43.

44. The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above de facto practices, policies and customs of the City of Chicago, the Chicago Police Department, and its police officers.

**ANSWER:** Defendant denies the allegations contained in Paragraph 44.

45. One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the City of Chicago has delegated de jure final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Jody Weis (to whom the City of Chicago has delegated du facto final policymaking authority for the Chicago Police Department regarding the matters complained of herein).

**ANSWER:** Defendant denies the allegations contained in Paragraph 45.

46. The practices, policies and customs described above were widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the

City of Chicago.

**ANSWER:** Defendant denies the allegations contained in Paragraph 46.

47. The municipal policy-makers of the City of Chicago acted with deliberate indifference to the rights of Plaintiffs in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

**ANSWER:** Defendant denies the allegations contained in Paragraph 47.

48. By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

**ANSWER:** Defendant denies the allegations contained in Paragraph 48.

WHEREFORE, Defendant respectfully requests that Count VI of Plaintiffs' First Amended Complaint be dismissed.

## COUNT VII
### (State Law Respondeat Superior Claim)

49. The acts of the Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in this scope of employment.

**ANSWER:** Defendant denies the allegations contained in Paragraph 49

50. Pursuant to respondeat superior, Defendant City of Chicago, as principal, is liable for its agents' actions.

**ANSWER:** This Defendant admits only those responsibilities imposed upon it by law and denies any remaining allegations and legal conclusion contained in Paragraph 50.

WHEREFORE, Defendant respectfully requests that Count VII of Plaintiffs' First Amended Complaint be dismissed.

## COUNT VIII
### (Indemnification Claim pursuant to 745 ILLS 10/9-102)

51.     Plaintiffs reallege all of the above paragraphs and counts as if fully set forth herein.

**ANSWER:**     Defendant adopts and realleges its answers to all of the above paragraphs and counts as though fully set forth therein.

52.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 52.

53.     Pursuant to Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the actions of the Defendant Officers.

**ANSWER:**     Defendant admits only those responsibilities imposed upon it by law and denies any remaining allegations and conclusions contained in Paragraph 53.

WHEREFORE, Defendant respectfully requests that Count VIII of Plaintiffs' First Amended Complaint be dismissed.

## AFFIRMATIVE DEFENSE

1.     Defendant City of Chicago is not liable to plaintiffs if its employees or agents are not liable to the plaintiffs. 745 ILCS 10/2-109.

2.     To the extent that any damages or injuries claimed by the plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton, and/or other wrongful conduct on the part of the plaintiffs, any verdict or judgment obtained by plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiffs by the jury in this case.

3.     To the extent that the plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by plaintiffs must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiffs by the jury of this case.

4.     Under <u>Monell v. Department of Social Services of City of New York,</u> 436 U.S. 658 (1978), the City of Chicago is not liable under section 1983 for its employees' misconduct.

DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS

Respectfully Submitted,

**SANCHEZ DANIELS & HOFFMAN, LLP**

By: <u>/s/ Meaghen A. Russell</u>
        One of the Attorneys for Defendant,
        **CITY OF CHICAGO**

Manuel Sanchez 02451484
John S. Huntley 03123404
Elaine C. Davenport 6272827
Meaghen A. Russell 6291205
**SANCHEZ DANIELS & HOFFMAN LLP**
Attorneys for the Defendant, City of Chicago
333 West Wacker Suite 500
Chicago, Illinois 60606
(312) 641-1555